IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | NO. 07-542 |
| **JOSE MANUEL ARANGO** | : | |

**MEMORANDUM**

SCHMEHL, J.   */s/JLS*                                                                              OCTOBER 31, 2022

      The Defendant was indicted on one count of possession with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 841(a)(1) (Count One), one count of possession with intent to distribute one kilogram or more of heroin within 1000 feet of a school, in violation of 21 U.S.C. § 860(a) (Count Two), one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Three), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Four).

      The Indictment arose from Defendant's possession of more than three kilograms of heroin and more than 59 rounds of .40 caliber ammunition and his use of a stolen Glock, Model 22, .40 caliber handgun in Reading, Pennsylvania in 2007. On July 9, 2008, Defendant entered a plea of guilty to Counts Two through Four of the Indictment pursuant to a plea agreement with the government.

      Pursuant to the United States Sentencing Guidelines, the Probation Office found that Defendant was responsible for 3.378 kilograms of heroin, which resulted in a base offense level of 34. Defendant received a two-level enhancement for the school zone

1

count, a two-level enhancement for obstruction of justice and a four-level enhancement for possession of body armor. After receiving a three-level reduction for timely acceptance of responsibility, the total offense level became 39 with a criminal history category of I. This resulted in an advisory Guideline range of 262 to 327 months, which was increased to 382 to 447 months as a result of a statutory mandatory consecutive 10-year sentence on the § 924(c) count.

On October 8, 2008, former Judge Lawrence Stengel rejected the body armor enhancement and found that the total offense level was 35 and criminal history category was I. Under the advisory Guidelines, Defendant's range became 168 to 210 months on the drug and § 922(g) counts. After factoring in the mandatory consecutive sentence of 10 years for the § 924(c) violation, Defendant's total range became 288 to 330 months imprisonment. Judge Stengel sentenced Defendant to a term of imprisonment of 320 months imprisonment.

On June 1, 2015, pursuant to agreement of the parties, Defendant's sentence was reduced to 280 months as the result of 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines, which lowered the base offense levels for most drug offenses.

The government informs the Court that Defendant is 45 years old with a minimum release date scheduled for February 4, 2028. Defendant has served approximately 182 months. He has received good conduct time credit of approximately 19 months, resulting in total time served of 201 months of his 280-month term or approximately 72% of his sentence. This Court previously denied Defendant's *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [ECF 50]. Presently before the Court is the Defendant's *pro se* motion for compassionate release pursuant to 18 U.S.C. §

3582(c)(1)(A)(i). For the reasons that follow, the motion is denied.

As a general rule, a district court may not modify a defendant's sentence after it has been imposed. 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 825, (2010). However, the First Step Act provides for a compassionate release exception to that general rule, stating that: (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[1], whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that— (i) extraordinary and compelling reasons warrant such a reduction; and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.] 18 U.S.C. § 3582(c)(1)(A); see also U.S.S.G. § 1B1.13 (stating that the court may reduce a term of imprisonment if it finds, after consideration of the factors in § 3553(a), that "[e]xtraordinary and compelling reasons warrant the reduction," "[t]he defendant is not a danger to the safety of any other person or to the community," and "[t]he reduction is consistent with this policy statement").

Although neither U.S.S.G. § 1B1.13 nor Congress defines the term "extraordinary and compelling," the Sentencing Commission's commentary to § 1B1.13, provide guidance. See U.S.S.G. § 1B1.13 cmt. n.1. The commentary provides that "extraordinary and compelling reasons" can include (1) certain specified serious medical conditions (a

---

1 There is no dispute that Defendant has exhausted his administrative rights.

terminal illness or a serious medical condition "that substantially diminishes the ability of the defendant to provide self-care" in prison and "from which he or she is not expected to recover"); (2) the defendant's advancing age (over 65), in combination with a serious deterioration of his health and his successful completion of at least 10 years or 75% of his sentence; (3) the defendant's family circumstances, and (4) "[o]ther [r]easons ... [a]s determined by the Director of the Bureau of Prisons" to be extraordinary and compelling, either alone or in combination with the three prior reasons. U.S.S.G. § 1B1.13, cmt. n.1. These factors, while not conclusive, may serve as a guide to the Court's decision. *United States v. Andrews*, 12 F.4th 255, 260 (3rd Cir. 2021).

Defendant first contends that the fact that he was 30 years old at the time he committed the offenses qualifies as an extraordinary and compelling circumstance. There simply is nothing extraordinary or compelling about committing the charged crimes at the mature age of 30.

Defendant next argues that he pled guilty and is remorseful for his crimes. However, these factors were already taken into account when Defendant received a three-level reduction in his total offense level for timely acceptance of responsibility.

Next, Defendant claims he has undergone "extraordinary rehabilitation" in prison as evidenced by his taking over 80 courses in education and vocational training. He also notes that on April 27, 2022, the Bureau of Prisons classified him as a "low" risk of recidivism. The Court is pleased to learn that Defendant has made good use of his time in prison, but rehabilitation, by itself, does not constitute an extraordinary and compelling circumstance.[2]

---

2  The government also informs the Court that between 2008 and 2020, Defendant received 14 disciplinary infractions, including having a dangerous weapon, fighting, martial arts/boxing and setting a fire. ECF 53 at pp. 3-4.

Although Defendant cites "family circumstances" as an exceptional circumstance, he makes absolutely no mention about what his family circumstances are.

Defendant also argues that he is entitled to compassionate release because of the harsh prison conditions he endured during the Covid-19 lockdown. However, this Court has repeatedly held that absent a showing of unique harm to the defendant, prison conditions during the pandemic alone simply do not present grounds for compassionate release. *United States v. Brunson*, 2022 WL 3756198, at *5 (E.D. Pa. Aug. 30, 2022) (Jones, J.) *United States v. Gupton*, 2022 WL 3448233, at *2 (E.D. Pa. Aug. 16, 2022) (Beetlestone, J.); *United States v. Hernandez*, 2022 WL 910091, *5-6 (E.D. Pa. Mar. 29, 2022) (Leeson, J.)   Defendant has made no such showing of unique harm.

Finally, Defendant appears to argue that if he were sentenced today instead of in 2007, he would receive a lower sentence under certain nonretroactive 2018 amendments to 21 U.S.C. § 841(b)(1)(A) by the First Step Act. Our Court of Appeals has held that "Congress's nonretroactive sentencing reductions are not extraordinary and compelling reasons for purposes of § 3582(c)(1)(A)." *Andrews*, 12 F.4th at 262. It is only after the prisoner demonstrates extraordinary and compelling circumstances (which Defendant has failed to do here), that the "the current sentencing landscape" may be a "legitimate consideration for courts at the next step of the analysis when they weigh the § 3553(a) factors." *Id*.