**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIM. NO. 07-542** |
| | : | |
| **JOSE MANUEL ARANGO** | : | |

**MEMORANDUM**

**SCHMEHL, J.** **AUGUST 17 , 2026**

The Defendant was indicted on one count of possession with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 841(a)(1) (Count One), one count of possession with intent to distribute one kilogram or more of heroin within 1000 feet of a school, in violation of 21 U.S.C. § 860(a) (Count Two), one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Three), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Four).

The Indictment arose from Defendant's possession of more than three kilograms of heroin and more than 59 rounds of .40 caliber ammunition and his use of a stolen Glock, Model 22, .40 caliber handgun in Reading, Pennsylvania in 2007. On July 9, 2008, Defendant entered a plea of guilty to Counts Two through Four of the Indictment pursuant to a plea agreement with the government.

Pursuant to the United States Sentencing Guidelines, the Probation Office found that Defendant was responsible for 3.378 kilograms of heroin, which resulted in a base offense level of 34. Defendant received a two-level enhancement for the school zone count, a two-level

enhancement for obstruction of justice and a four-level enhancement for possession of body armor. After receiving a three-level reduction for timely acceptance of responsibility, the total offense level became 39 with a criminal history category of I. This resulted in an advisory Guideline range of 262 to 327 months, which was increased to 382 to 447 months as a result of a statutory mandatory consecutive 10-year sentence on the § 924(c) count.

On October 8, 2008, former Judge Lawrence Stengel rejected the body armor enhancement and found that the total offense level was 35 and criminal history category was I. Under the advisory Guidelines, Defendant's range became 168 to 210 months on the drug and § 922(g) counts. After factoring in the mandatory consecutive sentence of 10 years for the § 924(c) violation, Defendant's total range became 288 to 330 months imprisonment. Judge Stengel sentenced Defendant to a term of imprisonment of 320 months imprisonment.

On June 1, 2015, pursuant to agreement of the parties, Defendant's sentence was reduced to 280 months as the result of 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines, which lowered the base offense levels for most drug offenses.

This Court previously denied Defendant's *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [ECF 50] as well as Defendants first *pro se* motion for compassionate release [ECF 55.] Presently before the Court is the Defendant's second *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons that follow, the motion is denied.

Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which permits a court to reduce a sentence upon a showing of "extraordinary and compelling circumstances." He basically claims the same extraordinary and compelling circumstances he cited in his previous motion, i.e. age, rehabilitation and sentencing disparities. The Court will not consider these issues

a second time except for noting recent authority from the United States Supreme Court which completely bars his argument based on sentencing disparities.

Defendant's motion for compassionate release relies on a recent amendment to the Sentencing Guidelines policy statement regarding compassionate release, § 1B1.13, which became effective on November 1, 2023. This guideline defines the circumstances that qualify as "extraordinary and compelling reasons" allowing for early release under the compassionate release statute. The amendment adds the following provision, which is targeted at offenders who are facing sentences longer than would be imposed following a nonretroactive amendment:

> (6) UNUSUALLY LONG SENTENCE.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

USSG § 1B1.13(b)(6) (Nov. 1, 2023).

The First Step Act revised the enhanced mandatory penalty provisions of Section 841(a)(1)(A) for persons who violate the Controlled Substances Act after one or more prior drug trafficking convictions, by reducing the enhanced mandatory penalty from a 20-year mandatory to a 15-year mandatory (for violations committed after one prior conviction for a felony drug offense) and by reducing the enhanced mandatory nonretroactive change in sentencing law as a penalty from life imprisonment to 25 years' imprisonment (for violations committed after two or more prior convictions for a felony drug offense or serious violent felony). Defendant contends

that had he been sentenced under the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5222 (2018), he would have received a substantially shorter sentence. Accordingly, Defendant contends, the First Step Act's revision to the mandatory minimum penalties set forth in 21 U.S.C. § 841(b)(1)(B) produces a gross disparity between the sentence that he received in 2008 and the sentence that he would receive today, and this disparity constitutes an extraordinary and compelling reason warranting a sentence reduction pursuant to USSG § 1B1.13(b)(6). Congress expressly provided that its revision to Section 924(c) would apply to criminal acts predating the passage of the First Step Act only "if a sentence for the offense has not been imposed as of such date of enactment." Pub. L. 115-391, § 403(b), 132 Stat. 5194, 5222.

We do not believe this particular amendment applies to the Defendant but even assuming, purely *arguendo*, that it does, the Court notes that on May 28, 2026, the United States Supreme Court concluded that "[w]hen Congress declines to make a sentencing amendment retroactive, the fact that a preamendment sentence is longer than it would have been postamendment is not an "extraordinary and compelling reaso[n]" that "warrant[s]" a sentence reduction." *Rutherford v. United States*, 146 S.Ct. 1320, 1330 (2026). citing 18 U.S.C. § 3582(c)(1)(A)(i). The Court concluded that "the statutory text and structure make clear that Congress's nonretroactive change to § 924(c)—considered by itself or in combination with other factors—cannot make a prisoner eligible for compassionate release." *Id*. at 1335. In that same Opinion, the Supreme Court invalidated USSG § 1B1.13(b)(6) "to the extent that it counsels otherwise." *Id*. Therefore, Defendant's sentencing disparity argument must also be rejected.

Accordingly, his second motion for compassionate release is denied.